UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TARA CASTALDO AND NICOL ZAMPELLA, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED<br><br>**Plaintiffs,**<br><br>v.<br><br>MCLOONE'S ASBURY PARK, LLC, *et al*.<br>**Defendants.** | Civ. No. 2:14-cv-05741 (WJM)<br><br>**OPINION & ORDER** |

**THIS MATTER** comes before the Court on an unopposed joint motion to approve a settlement agreement. Plaintiffs Tara Castaldo and Nicol Zampella were both formerly employed as bartenders at McLoone's Bayonne, a bar and restaurant located in Bayonne, New Jersey. In addition to its Bayonne location, McLoone's owns and operates additional restaurants in other parts of New Jersey. In September 2014, Plaintiffs filed a putative class action complaint against a number of McLoone's locations, alleging violations of the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL"). Specifically, the complaint alleges that McLoone's required Plaintiffs to share tips with non-service employees, which resulted in Plaintiffs receiving a sub-minimum wage amount for some or all hours worked. McLoone's denies Plaintiffs' allegations and contends that it took a lawful "tip credit" against the full minimum wage.

1

After a February 11, 2015 telephonic conference with United States Magistrate Judge Mark Falk, the parties began engaging in settlement negotiations. Eventually, the parties entered into a settlement (hereinafter, "the Settlement Agreement") providing that McLoone's would pay a $12,000 sum. Specifically, Castaldo and Zampella would each receive $3,813.35 in the form of a payroll check, subject to applicable withholdings, while Plaintiffs' counsel would receive a lump sum payment of $4,373.30. In exchange, Plaintiffs would release all claims against Mcloone's and dismiss their action with prejudice. The parties have now jointly moved for this Court to approve the Settlement Agreement.

In lawsuits arising under the FLSA, parties to a settlement agreement must submit their agreement to the Court for approval. *See, e.g., Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982); *Bettger v. Crossmark, Inc. No. 1:13-cv-2030, 2015 WL 279754*, *3 (D.N.J. Jan. 22, 2015); *Morales v. PepsiCo., Inc.*, No. 11-cv-6275, 2012 WL 870752, *1 (D.N.J. Mar. 14, 2012). A court should approve a settlement agreement if it is fair and resolves a *bona fide* dispute. *See, e.g., Bredbenner v. Liberty Travel, Inc.*, No. 09-905, 2011 WL 1344745, *18 (D.N.J. Apr. 8, 2011). When analyzing a settlement agreement, a court must be mindful of the strong public policy in favor of settlements. *See, e.g., Farris v. JC Penny Co., Inc.*, 176 F.3d 706, 711 (3d Cir. 1999) (citations omitted).

The Court will approve the Settlement Agreement. First, the Court concludes that the Settlement Agreement resolves a *bona fide* dispute. In particular, there a number of contested factual issues, including whether McLoone's operated an illegal tip pool and

whether Plaintiffs received sub-minimum wage amounts.  Moreover, the parties contest the applicable statute of limitations on Plaintiffs' claims.  Consequently, both parties face uncertainties heading into the litigation, and have a valid reason for deciding to settle their dispute.  Second, the Court concludes that the Settlement Agreement is fair and reasonable.  The Settlement Agreement allows Plaintiffs to redeem a portion of the wages they demand in their complaint; and in exchange, Plaintiffs have agreed to dismiss their complaint with prejudice.  Given the variety of contested issues in this case, the consideration provided by both parties is fair and reasonable.[1]

For the foregoing reasons and for good cause shown;

**IT IS** on this 26 day of May 2015, hereby,

**ORDERED** that the parties' joint motion to approve the Settlement Agreement is **GRANTED**; and it is further

**ORDERED** that this case is hereby dismissed with prejudice.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

---

[1] The Court further concludes that the amount payable to Plaintiffs' counsel is reasonable. Plaintiffs' retainer agreement provides that their attorneys' would receive a 1/3 contingency fee and would be reimbursed for expenses incurred in prosecuting the action. A declaration from Plaintiffs' counsel further demonstrates that the $4,373.80 figure is less than what Plaintiffs' counsel would have received using the lodestar formula. *Cf. Loughner v. Univ. of Pittsburgh Liab. Litig.*, 55 F.3d 768, 822 (3d Cir. 1995) (using lodestar formula to arrive at reasonable amount in attorneys' fees).